UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Index No.: 15 cv 3724 (LDW)(AYS)
BRYAN BULINA,

                            Plaintiff,                        **AMENDED COMPLAINT**

     -against-

THE CITY OF NEW YORK, THE NEW YORK          **JURY TRIAL**

CITY POLICE DEPARTMENT, POLICE OFFICER     **DEMANDED**
STEPHEN FURNO, Shield No. 7578, POLICE
OFFICER KENNETH GREENE, individually and in
Their respective capacities as members of the City of
New York Police Department

                       Defendants.
-------------------------------------------------------------------X

     Plaintiff, Bryan Bulina, by his attorneys, Raiser & Kenniff, P.C., for his complaint, alleges as follows:

### NATURE OF ACTION

     1. This is a civil rights action to recover money damages arising out of Defendants' violations of Plaintiff's rights as secured by the civil rights act, 42 USC section 1983 which authorizes actions to redress the deprivation under the color of state law, of rights, privileges and immunities secured to the Plaintiff by the Constitution and laws of the United States and by 42 US Code 1988 and of rights secured by the first, fourth and 14th amendments the United States Constitution and the laws of the state of New York.

     2. Plaintiff was arrested and beaten on April 20, 2014 at or about 3:30 PM at the intersection of Platinum Avenue and Marsh Avenue, Staten Island, County of Richmond, State of New York, Plaintiff Bryan Bulina was beaten with a baton suffering serious injury which was witnessed by his younger brother Gabriel, a minor.

3. Bryan Bulina was charged with a felony complaint listing the crimes of assault in the second degree, assault in the third degree, resisting arrest, obstruction of governmental administration, and harassment in the second degree. These charges were brought by the Staten Island District Attorney and subsequently resulted in the granting of an adjournment in contemplation of dismissal on May 25, 2015, as the District Attorney was unable to sustain these charges.

4. As a result, Plaintiff received a serious injury and his younger brother Gabriel was traumatized by witnessing the events. The Plaintiff was deprived of his constitutional and civil rights including but not limited to false arrest, false imprisonment, and malicious prosecution, all resulting in the deprivation of the constitutional rights guaranteed to all citizens.

## JURISDICTION

5. This action is brought pursuant to 42 US Code 1983 in 1988 and the Fourth and 14th Amendments of the United States Constitution. Jurisdiction is conferred upon this court by 28 US Code §§ 1331, 1343 (three) and (four) and the First, Fourth, Fifth, Sixth, Eighth, and 14th amendments to the Constitution of the United States.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 US Code 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district and the Plaintiff resides in this district.

## JURY DEMAND

7. Plaintiffs demand trial by jury in this action.

2

## PARTIES

8. Plaintiff Bryan Bulina is a citizen of the United States and a resident of the County of Richmond, State of New York and that all times relevant to the allegations of this complaint did so reside.

9. Defendant City of New York hereinafter ("City") is a municipal corporation organized under the laws of the State of New York at all relevant times. The City operates the New York City Police Department ("NYPD") and the New York City Police Department employs Police Officer Stephen Furno ("PO Furno") and Police Officer Kenneth Greene ("PO Greene"). Police Officers Furno and Greene received their appointment, training, supervision, promotion, and discipline from supervisory police officers employed by the City of New York through the New York City Police Department. Police Officers Furno and Greene are being sued in their official and individual capacities.

## STATEMENT OF FACTS

10. On April 20, 2014 at or about 3:30 PM in the vicinity of Platinum Avenue and Marsh Avenue, County of Richmond, State of New York, Officers Furno and Greene observed the Plaintiff looking into cars that were parked as they traversed the vicinity. Police Officers Greene and Furno believed that this was some form of suspicious activity and accosted, detained, and deprived the Plaintiff of his liberties of movement and freedom in an illegal stop and frisk operation. They requested identification which was provided, and it is claimed, wrongfully by the police officers, that during the course of checking the name of Bryan Bulina that Mr. Bulina assaulted one of the police officers.

11. While Mr. Bulina objected to being stopped, frisked, detained, and deprived of his liberty, PO Furno falsely accused him of hitting him and then PO Furno proceeded with a baton

to hit Bryan Bulina over the head causing serious injury, bleeding, and discomfort, and pain and suffering. They then handcuffed Bryan Bulina and transported him to central booking where he was eventually arraigned on a series of charges that had no merit. It is claimed that the arrest, the beating, and the original detention were illegal and in violation of his rights.

12. All of the above was visibly witnessed by his brother who suffered serious emotional trauma as a result of witnessing the beating. Bryan Bulina was granted an ACD on May 25, 2015, ending the prosecution after 13 months. Bryan Bulina has suffered not only the trauma of being arrested and beaten but also his uncertain future during his senior year of high school.

13. Plaintiff retained the firm of Raiser & Kenniff to represent Bryan Bulina on his criminal charges and subsequently retained the same firm to represent them on their claims enumerated in this complaint. A notice of claim was subsequently served upon the City of New York Corporation Counsel, as well as the Comptroller of the State of New York, informing them and noticing them as to the claims of wrongful conduct and the damages as required by the general municipal law. The notice of claim clearly indicates sufficient notice to the City of New York of the permanent injuries suffered by the Plaintiff, which are continuing to date.

14. As a direct and proximate result of the actions of the Defendants herein, the Plaintiff has suffered the following injuries, among but not limited to psychological and emotional injury past and future, degradation and mental anguish, suffering and embarrassment, loss of and damage to reputation, deprivation of liberty and potential neurological impairments.

4

## FIRST CAUSE OF ACTION

**(Violation of rights secured by 42 US Code 1983
and by the Fourth and 14th Amendments of the United States Constitution)**

15. Each and every allegation set forth in the preceding paragraphs is hereby incorporated by reference with the same effect as if fully set forth herein.

16. At all times relevant herein, the conduct of all Defendants are subject to the provisions of 42 US Code 1983 and 1988.

17. As of April 20, 2014, there existed clearly recognized federal rights pursuant to the Fourth and 14th Amendments of the United States Constitution to be free from the deprivation of liberty without appropriate process of law.

18. The joint several and in concert actions of Defendants Furno and Greene, acting under color of state law in their official capacity as police officers in unlawfully confronting, detaining, and beating an arrestee showed a reckless disregard for the natural and probable consequences of their acts and was done without lawful justification and was designed to cause and did cause past and future injuries in violation of Plaintiff's constitutional rights as guaranteed under 42 US Code 1983 and the Fourth and 14th amendments of the United States Constitution.

19. As a direct and proximate result of all of Defendants' wrongful acts, policies, practices, customs and/or usages complained of herein, Plaintiff suffered injuries and damages but not limited to past and future psychological and emotional injury, physical injury, humiliation, anguish, suffering, and embarrassment and loss of and damage to reputation with deprivation of liberty without any negligence on the part of Plaintiff.

5

## SECOND CAUSE OF ACTION
### (Unlawful Use of Excessive Force)

20. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference at the same effect as if fully set forth herein.

21. The City of New York and the New York City Police Department failed to train and supervise instruct and discipline police officers in the lawful use of necessary force in conducting the arrest and detention of individuals. The City of New York and the New York City Police Department failed to implement policies, practices, rules and regulations regarding the illegal stop and frisk and detention of individuals in violation of the constitutional rights of all of the citizens and others who may be within their domain. As a result, Officers Furno and Greene were permitted and condoned to take unlawful actions in stopping detaining and utilizing, by PO Furno, excessive force in the confrontation with Bryan Bulina and as witnessed by his brother Gabriel.

22. The force utilized by PO Furno far exceeded all warranted action that would be permitted by the United States Constitution and the laws of the state of New York in that this suspicion of illegal conduct was unreasonable and the utilization of the baton to split the scalp and skull of Plaintiff Bryan Bullina was excessive beyond all bounds of reason and beyond the standards utilize by police departments throughout the United States.

## THIRD CAUSE OF ACTION
### (Constitutional Claims Against the Municipal Defendants)

23. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

24. At all times material to this complaint, Defendant City acting through the NYPD, had in effect de facto policies, practices, and customs exhibiting deliberate indifference to the

constitutional rights of the citizens, residents, and occupants of the City of New York and others

which led to the unconstitutional conduct of Officers Furno and Greene.

25. Upon information and belief, Defendant City failed to effectively screen, hire, train,

supervise and discipline their police officers including Defendants Greene and Furno for their

propensity to stop and frisk, and detain unconstitutionally, citizens and to protect same citizens

from the conduct of all the police the officers thereby permitting and allowing Defendant

Officers herein to be in a position to unlawfully arrest and detain, stop and frisk Plaintiff and to

otherwise cause him injury and violated his federal and state constitutional rights and by

permitting these actions to take place with their knowledge and consent.

26. As a result of these conscious policies and practices Defendant City permitted and

allowed the employment and retention of individuals as police officers who circumstances placed

the public in general and segments thereof at substantial risk of being the victims of

constitutionally violative behavior. Such policies practices and customs are the proximate cause

of the conduct alleged herein and a direct and proximate cause of the injuries to Plaintiff.

27. At all times herein, Defendant City and NYPD had authority to address the alleged

illegal behavior which violated the citizens' rights and to institute corrective measures which

were not taken. Defendants maintained a policy entitled "stop and frisk" and maintained

statistical analysis of this policy.  The policy permitted the unabated violation of constitutional

rights.

28. As a direct and proximate result of Defendants' wrongful acts policies, practices, and

custom, Plaintiff herein suffered injuries and damages not limited to psychological and

emotional injury, degradation and anguish, suffering and embarrassment, loss of reputation,

deprivation of liberty and personal injuries requiring hospital care.

7

## FOURTH CAUSE OF ACTION
### (Pending Claim of Negligent Hiring, Training and Supervision Against Defendant City)

29. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference of the same effect as if fully set forth herein.

30. At all times relevant herein, Defendant City has been grossly negligent and negligent in the hiring, supervision, training, and monitoring of Defendant Officers Furno and Greene.

31. As a direct and proximate result of Defendants' wrongful acts, policies, practice and customs complained of herein, Plaintiff suffered injuries and damages including, but not limited to, past future psychological emotional injury degradation mental anger suffering and embarrassment, loss of and damaged reputation, deprivation of liberty without any negligence on the part of the Plaintiff there to, and including the personal injuries suffered by Bryan Bulina.

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

32. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference of the same effect as if fully set forth herein.

33. Defendants Furno and Greene acting individually and in concert, intentionally and deliberately inflicted emotional distress on Plaintiff Bryan Bulina by maliciously seizing, arresting, and imprisoning Bryan Bulina in violation of state and federal civil rights and knew that their actions were likely to cause emotional distress to Plaintiff with Gabriel witnessing the beating sustained by his brother and being traumatized thereby.

34. Defendants conduct was extreme and outrageous and beyond all possible bounds of decency and utterly intolerable in a civilized community.

35. The actions of Defendants Furno and Greene were the direct cause of Plaintiff's distress and injuries.

8

36. Plaintiffs are reasonable young men with no prior arrests who were legally on the premises when they were assaulted by the police

37. As a result of Defendants extreme and outrageous conduct, Plaintiff will, with a high degree of likelihood, continue to be distressed.

### SIXTH CAUSE OF ACTION
### (False Arrest and False Imprisonment)

38. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference of the same effect as if fully set forth herein.

39. Defendants Furno and Greene acting individually and in concert, intentionally and deliberately falsely stopped and frisked arrested and falsely imprisoned Plaintiff and subjected Plaintiff to an unreasonable, unlawful and unconstitutional search.

40. Defendants intended to confine Plaintiff in a cell at both police and correctional facilities.

41. Plaintiff was conscious of the confinement at the above-mentioned place and time.

42. Plaintiff did not consent to being arrested or confined.

43. As a direct import, proximate result of Defendants' wrongful acts, policies, practices, and usages herein, Plaintiff suffered injuries and damages including, but not limited to, past and future psychological and emotional injury, personal injury, degradation and mental anguish, suffering and embarrassment, loss of, and damage to his reputation, and deprivation of liberty without any negligence on the part of Plaintiff.

### SEVENTH CAUSE OF ACTION
### (Malicious Prosecution)

44. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference of the same effect as if fully set forth herein.

9

45. The actions of Defendants Furno and Greene acting individually and in concert intentionally and deliberately led to a malicious prosecution of Plaintiff.

46. A judicial proceeding was commenced by Defendants and prosecuted against Plaintiff and this was done at the insistence of Defendants and without probable cause.

47. It was done with malice aforethought.

48. The judicial proceeding terminated in favor of Plaintiff in this maliciously prosecuted action.

49. Plaintiff was injured by having to go through this judicial proceeding.

50. Plaintiff suffered interference with his person, property, and liberty as a result of this proceeding.

51. As a direct import, proximate result of Defendants' wrongful acts, policies, practices, customs, and usages herein, Plaintiff suffered injuries and damages including, but not limited to, past and future psychological and emotional injury, personal injury, degradation and mental anguish, suffering and embarrassment, loss of, and damage to his reputation, and deprivation of liberty without any negligence on the part of Plaintiff.

## JURY DEMAND

52. Plaintiff herein demands trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

   a. compensatory damages against all Defendants jointly and severally;

   b. punitive damages against all individual Defendants jointly and severally

   c. to convene and impanel a jury to consider the issues of these claims;

   d. reasonable attorneys' fees and costs pursuant to 42 US Code 1988; and

e. such other and further relief as this Court deems just and proper.


Dated:  Mineola, NY
        January 14, 2016

                                        Yours, etc.


                                        RAISER & KENNIFF, P.C.

                                        *E. Gordon Haesloop*
                                        E. Gordon Haesloop, Esq. (5790)
                                        300 Old Country Road, Suite 351
                                        Mineola, New York 11501
                                        (516) 742-7600 (t)
                                        (516) 742 -7618 (f)
                                        gordon@raiserkenniff.com

                                        *Attorneys for Plaintiffs*

11

## VERIFICATION

STATE OF NEW YORK )
                              ) ss.:
COUNTY OF NASSAU )

E. GORDON HAESLOOP, ESQ. being sworn, deposes and says:

He is a member of RAISER & KENNIFF, P.C. attorneys for Plaintiff BRYAN BULINA

in the within action; he has read the within Verified Complaint and knows the contents thereof;

and the same is true to his own knowledge, except and to the matters herein stated to be alleged

upon information and belief, and as to those matters, he believes them to be true.

The source of his information and knowledge are based upon an investigation of the

records on file.

The reason this Verification is being made by deponent and not by the Plaintiff is that the

Plaintiff is not within the county where deponent has its offices.

E. GORDON HAESLOOP, Esq.

Sworn to before me this
14 day of January, 2016

Notary Public

CHRISTINE MEEHAN
NOTARY PUBLIC, State of New York
No. 01ME6226144
Qualified in Nassau County
Commission Expires August 02, 20 18

12